VI'I PITA, Plaintiff/Counterdefendant,

v.

MIRIAMA GARRETT and RICHARD GARRETT,
Defendants/Counterdefendants/Cross-Defendants,

v.

TERRITORIAL REGISTRAR and SURVEY MANAGER OF THE
DEPARTMENT OF PUBLIC WORKS, MEKO AITUMU,
Cross-Defendants.

---

TIMU LEVALE, by and on behalf of the TIMU FAMILY, Plaintiffs,

v.

RAY McMOORE, SESE McMOORE,
and IOANE FE`AFE`AGA ENE, Defendants.

---

AMERICAN SAMOA GOVERNMENT, Plaintiff,

v.

HEIRS OF IOANE FE`AFE`AGA ENE, aka MAUGA
FE`AFE`AGA ENE, TOLANI TELESO FUGA, ELETISE MATAGI
WOLMAN, SENEVEFA PRITT, TIMU LEVALE, on behalf of the
TIMU FAMILY, RAY McMOORE, SESE McMOORE aka SESE
SAGAPOLU, VI'I PITA, PERALITA CANDY FUAVAI,
TAUINAOLA LAUAMA, FIALE NIKO, aka SOVITA SUAFO'A,
SOVITA LIVING TRUST, MIRIAMA GARRETT, AMERIKA

SAMOA BANK, and DOES 1-10, Defendants.

---

TERRITORIAL REGISTRAR, on behalf of the
HEIRS OF IOANE FE`AFE`AGA ENE, Claimants,

v.

TELESIA FE`A FIAME, on behalf of the FE`A FAMILY,
ELETISE MATAGI WOLMAN, SENOUEFA PRITT,
TAUINOLA LAUAMA, FUGA TOLANI TELOSO, VI`I PITA,

FIALE LARSON, aka FIALE NIKO, aka SOVITA SUAFOA,
and SOVITA LIVING TRUST, Objectors.

---

SINAVAIANA M. ULUFALE, Administrator of the
ESTATE OF IOANE FE`AFE`AGA ENE, Claimant,

v.

TELESIA FE`A FIAME, FA`AMOE I. HOLEWYNE,
AFOA I. SU`ESU`E LUTU, on behalf of PEARLITA FUAVAI,
MARSHALL ASHLEY, on behalf of ELETISE M. WOLMAN,
SENOUEFUA PRITT, TAUINAOLA LAUAMA, FUGA TELESO,
VI'I PITA, FIALE LARSON, aka FIALE NIKO, aka SOVITA
SUAFO'A and SOVITA LIVING TRUST,
and FE`AFE`AGA TAUAMO II, Objectors.

---

FA`AMAMAFA POLOA and LUSI POLOA, Interveners.

High Court of American Samoa
Land and Titles Division

LT No. 14-93
LT No. 20-03
LT No. 10-95
LT No. 20-96
LT No. 01-98

March 1, 2005

Before RICHMOND, Associate Justice; and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff/Counterdefendant/Defendant/Objector Vi`i Pita, and Defendants/Objectors Tolani Teleso Fuga, Eletise Matagi Wolman, Senouefa Pritt, Tauinaola Lauama, Fiale Larson aka Fiale Niko aka Sovita Suafo`a, Sovita Living Trust, and Objector Marshall Ashley, Marshall Ashley

For Defendants/Counterclaimants/Cross-Claimants Miriama Garrett and Richard Garrett, Defendant Ioane Fe`afe`aga Ene, Claimants Sinaviana M. Ulufale, Administrator, and Estate of Ioane Fe`afe`aga Ene, and Claimants/Defendants Heirs of Ioane Fe`afe`aga Ene, Charles V. Ala`ilima and David Wagner

For Cross-Defendants Territorial Registrar and Survey Branch Manager of the Department of Public Works, Attorney General

For Plaintiff/Defendant Timu Levale, on behalf of the Timu Family, and Objector Faamoe I. Holewyne, Asaua Fuimaono

For Defendants Ray McMoore and Sese McMoore aka Sese Sagapolu, *Pro Se*

For Defendant Pearlita Candy Fuavai and Objector Afoa L. Su'es'e Lutu, Afoa L. Su'esu'e Lutu

For Objectors Telesia Fe`a Fiame and Fe`afe`aga Tauamo II, Robert K. Maez

For Defendant Amerika Samoa Bank, William H. Reardon
For Intervenors Fa`amamafa Poloai and Lusi Poloai, Katopau
T. Ainuu

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

### Background

These consolidated actions raised two basic issues, concerning approximately 10.37 acres of land in Ili`ili, American Samoa, for judicial determination. The first issue was over competing ownership claims to the land. Ioane Fe`afe`age Ene ("Ioane Fe`a") had obtained registration of the 10.37 acres as his individually owned land in 1990, after the Fe`a Family members withdrew their objections. However, early in these proceedings, we voided the registration for substantial noncompliance with the requirements of the registration process. This set the stage to litigate the competing claims to the entire area by the Estate of then deceased Ioane Fe`a, as the immediate title successor to his individually owned land, and the Fe`a Family's renewed claim, as its communal land, and to 3.7879 overlapping acres by the Timu family, as its communal land. The second issue questioned the ownership rights of Ioane Fe`a's title successors to subdivided parcels within the land.

Decision on the second subdivision issue depended largely on the outcome of the first ownership issue. Consequently, we bifurcated trials on the two issues. The ownership claims to the land were tried first. Though notified of the trial date, the Fe`a family did not participate in the first phase trial to pursue its communal land claim. We were also informed that shortly before the scheduled date of the first phase trial, the Fe`a family had met and agreed to Ioane Fe`a's individually owned land registration. Thus, the issue became the Timu family's communal land claim versus Ioane Fe`a's Estate's individually owned land claim. On February 5, 1999, we decided that Ioane Fe`a's Estate held the title to the 10.37 acres as its individually owned land, subject to the rights of Ioane Fe`a's title successors to the subdivided parcels within the land. This decision was appealed.

In March 2001, while the appeal was pending, Fuga Teleso ("Fuga"), Eletise M. Wolman ("Wolman"), Senouefua Pritt ("Pritt"), Tauinaola Lauama ("Lauama"), Vi`i Pita ("Pita"), Fiale Larson aka Fiale Niko ("Niko") aka Sovita Suafo`a, and the Sovita Living Trust ("the Sovita Trust"), as transferees of the subdivided parcels within the 10.37 acres and their counsel, Marshall Ashley, moved for summary judgment to confirm the transferees' titles, based on Fe`a Ene's and his Estate's title as individually owned land. These transferees and their counsel had

formally objected to Ioane Fe`a's Estate's necessary offer during the course of these proceedings to register the title as the basis for its claim of individual ownership of the land. On May 31, 2001, we deferred ruling on the summary judgment motion as being premature until the appeal was decided.

The Appellate Division affirmed the first phase trial decision on October 3, 2002. In May 2003, the summary judgment movants requested our ruling on their still pending motion. However, on October 2, 2003, the date of a further hearing on the summary judgment motion, several Fe`a family members sought to resurrect the Fe`a family's communal land claim by filing a motion under T.C.R.C.P. 60(b) for relief from the trial judgment and a new trial on the first ownership issue. The movants were the two family members who are parties to this action but did not participate in the first phase trial and reportedly had concurred in the Fe`a Family's earlier decision to agree to Ioane Fe`a's individually owned land registration. The summary judgment decision was effectively deferred again while the Rule 60(b) motion was pending. We denied the Rule 60(b) motion on February 3, 2004, and the motion to reconsider that ruling on July 9, 2004.

The summary judgment motion is now ready, truly overripe, for decision.

## Standard of Review

■ Summary judgment is appropriate only when the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56; *Etimani v. Samoa Packing Co.*, 19 A.S.R.2d 1, 4 (Trial Div. 1991). In ruling on a summary judgment motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to the opposing party. *Id.*

## Transfer Transactions

After Ioane Fe`a obtained title registration of the 10.37 acres as his individually owned land in 1990, he began to transfer portions of the land, which created the ownership rights still at issue among the parties to these actions who are Ioane Fe`a's title successors. The basic facts of these transactions are described below. All transfers were for valuable consideration and registered by the Territorial Registrar.

On March 6, 1990, Ioane Fe`a transferred approximately three acres of the land to Fuga. The warranty deed was registered on March 26, 1990. On March 28, 1990, Fuga transferred approximately one of the three acres to Niko; the warranty deed was registered on May 4, 1990. On February 28, 1991, Niko transferred this one acre plot to the Sovita Living Trust; the deed of transfer was registered on March 6, 1991.

On March 30, 1990, Fuga transferred another approximately one of his original three acres to Wolman; the warranty deed was registered on May 4, 1990. On May 9, 1994, Wolman transferred this one acre plot to Pritt; the warranty deed was received by the Territorial Registrar on May 11, 1994, but apparently because of these then pending actions, it was not registered until March 26, 1999.

On April 3, 1990, Ioane Fe`a transferred approximately one acre to Pearlita Candy Fuavai ("Fuavai"); the warranty deed was registered on April 25, 1990. However, Fuavai has not yet moved for summary judgment regarding this transaction, and therefore we cannot presently adjudicate her title.

On May 9, 1990, Ioane Fe`a, transferred approximately one acre to Pita; the warranty deed was registered on June 7, 1990. On May 11 1992, Ioane Fe`a transferred to Miriama Garrett ("Garrett") the same one acre plot that he had previously transferred to Pita. When Garrett attempted to register the deed, the Territorial Registrar alerted her to Pita's previous registration of the same plot of land. Garrett claims that the original Pita transaction was invalid because it was tainted by fraud.

On May 30, 1991, Ioane Fe`a transferred approximately 2.206 acres to Sese Sagapolu aka Sese Sagapolu McMoore ("Sese"), the wife of Ray McMoore (together "the McMoores"); the warranty deed was registered on June 4, 1991. However, the McMoores have not yet moved for summary judgment regarding this transaction, and therefore we cannot presently adjudicate Sese's title.

On June 10, 1992, Fuga transferred approximately 0.174 of an acre of his remaining acreage to Lauama; the warranty deed was registered on June 10, 1992.

As a result of these transactions, the 10.37 acres is presently subdivided on the record before us as follows: (1) the Sovita Trust owns one acre, (2) Pritt owns one acre, (3) Fuavai apparently owns one acre, (4) Lauama owns one acre, (5) Fuga owns 1.826 acres remaining from his original three acres, (6) Sese apparently owns 2.206 acres, and (7) Pita and Garrett each lay claim to one acre.

393

## Analysis

The transferees assert that no genuine issues of material fact cloud their ownership of the respective subdivided parcels within the 10.37 acres. The transferees point to two facts in coming to this conclusion. First, they look to our holding in the first phase of the trial. There, we found that all of the land that was conveyed to the transferees was Ioane Fe`a's individually owned land prior to his death, and therefore Ioane Fe`a's Estate's individually owned land for purposes of the first phase trial decision. Therefore, the transferees assert, it is undisputable that the land arrived in their hands with a clear title. Second, they look to the fact that each of the successors recorded their conveyance with the Territorial Registrar, under A.S.C.A § 37.0210. This, they maintain, completes their valid alienation of the land, and protects them against future claims of ownership, including the Garrett claim.

Garrett opposes the motion for summary judgment. She contends that the conveyance to and registration by Pita are invalid because Ioane Fe`a either did not sign the deed or signed the document unknowingly. They argue that those allegations are sufficient to create a genuine issue of material fact.

Our analysis will be broken into two parts. First, we will examine the motion for summary judgment as it relates to transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust. Then, second, we will examine the motion as it relates to transferee Pita.

## I. Transferees Defendants Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust

Transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust maintain that no issue of material fact clouds their ownership of their respective subdivided portions of the 10.37 acres. We agree.

■ Our decision in the first phase of trial established that Ioane Fe`a conveyed clear title leading to the titles held by transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust. Ioane Fe`a was the sole and proper owner of the disputed parcels and he had the right to convey such parcels. Therefore, it is without dispute that a clean title arrived in these transferees' hands.

■ Likewise, it is without dispute that transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust properly registered their newly acquired lands. Once these successors followed the registration procedures, as set out in A.S.C.A § 37.0210, their ownership in the land became final. *Vaimaona v. Tuitasi*, 13 A.S.R.2d 76, 79 (Trial Div. 1989)

(stating that once the registration procedures are complete, the buyer becomes the "owner of whatever interest the seller had in the land"). Thus, it is indisputable that that transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust received a clear title and then recorded their title, thereby completing the valid alienation of the respective subdivided parcels of Ioane Fe`a's 10.37 acres to each of them.

In sum, there are no genuine issues of material fact with respect to the ownership of transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust of the respective portions of the land and summary judgment is proper to the extent this action is directed towards these transferees.

## II. Transferee Pita

■ The conveyance from Ioane Fe`a to Pita presents a different picture. Garrett asserts that, unlike the rest of the transferees, Pita's claim to one acre of the 10.37 acres is clouded by fraud.

Garrett contends that the Pita conveyance is invalid because Ioane Fe`a never signed the deed or signed the document unknowingly. Garrett, in her affidavit, stated that she went to see Ioane Fe`a after learning that Pita had previously registered the plot of land. She further stated that Ioane Fe`a appeared surprised to learn that Pita had a deed to the land and he told her that he never signed the deed over to Pita. Garrett asserts that these allegations are sufficient to create a genuine issue of material fact for the second trial phase. We agree.

Garrett's allegations of fraud are sufficient to allow her and her husband Richard Garrett to move forward with their case. To properly adjudicate this action, we must test the merits of Garrett's allegations. If Pita did, in fact, procure her deed by means of fraud, then § 37.0210 will not protect her, and Garrett may rightly assert ownership to the same one acre Ioane Fe`a apparently conveyed first to Pita and then to Garrett. Therefore, we conclude that summary judgment is not appropriate at this time to the extent that the action involves the one acre apparently conveyed to Pita.

## Conclusion

For transferees Fuga, Wolman, Pritt, Lauama, Teleso, Niko, and the Sovita Trust, undisputed evidence establishes the validity of their title and, therefore, summary judgment in their favor is proper. For transferee Pita, allegations of an invalid deed create genuine doubt with respect to material facts and, therefore, summary judgment in her favor is improper.

## Order

1. The motion of transferees Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust for summary judgment is granted. We declare that Fuga, Wolman, Pritt, Lauama, Niko, and the Sovita Trust became the owners of their respective subdivided parcels within the 10.37 acres, with all rights and liabilities pertaining to full ownership of land, as a result of the transactions described above.

2. Transferee Pita's motion for summary judgment is denied.

It is so ordered.